IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA CUNNINGHAM,

     Plaintiff,

vs.

ALL FLORIDA FLOORING INC.,
and JAMES ECKER, Individually,

     Defendants.

Case No.:

## COMPLAINT

Plaintiff, JOSHUA CUNNINGHAM, ("CUNNINGHAM" or "Plaintiff") by and through undersigned counsel, sues Defendants, ALL FLORIDA FLOORING INC. and JAMES ECKER ("Mr. Ecker")(collectively "Defendants"), and states:

## NATURE OF ACTION

1. Plaintiff brings this action under the Fair Labor Standards Act of 1939, as amended, 29 U.S.C. § 201 et seq.("FLSA").

2. Plaintiff seeks to recover unpaid overtime compensation, unpaid minimum wages, liquidated damages, and attorneys' fees and costs. Specifically, Plaintiff alleges that Defendant violated the FLSA by misclassifying him as an independent contractor, failing to pay overtime for hours worked over forty (40) in a workweek, and unlawfully withholding his final paycheck, resulting in unpaid minimum wages.

## PARTIES

3.    At all times material hereto, Plaintiff was a resident of Charlotte County, Florida, within the Middle District of Florida. Plaintiff was employed by Defendant as a demolition and epoxy floor installer from approximately September 5, 2025 through March 19, 2026.

4.    Defendant All Florida Flooring Inc. is a Florida corporation engaged in the business of providing custom epoxy flooring, polished concrete flooring, tile removal, and flooring removal services. Defendant's principal place of business is located at 374 Doniphan Drive, Port Charlotte, Florida 33954.

5.    Defendant ECKER is the owner and President of Defendant All Florida Flooring. Upon information and belief, Defendant ECKER is a resident of Charlotte County, Florida.

## JURISIDCTION AND VENUE

6.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

7.    Defendants are engaged in the substantial business operations within this judicial district, and Plaintiff performed work for Defendant within this district.

8.    Venue is proper in the Middle District of Florida because the events giving rise to these claims occurred within this district.

## FLSA COVERAGE

### I.    Enterprise Coverage

9.    At all times material, Defendant was Plaintiff's "employer" and Plaintiff was an "employee" within the meaning of the FLSA.

10.    Defendant employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that moved through interstate commerce.

11.    At all times material, Defendant had annual gross sales volume in excess of $500,000 annually.

12.    Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13.    The work performed by Plaintiff was essential to Defendant's business operations.

### II.    Individual Coverage

14.    The FLSA individually covers Plaintiff because he was "engaged in commerce." Specifically, a substantial portion of Plaintiff's duties required communication with out-of-state customers, vendors, and suppliers. Plaintiff also regularly and recurrently used goods that traveled through interstate commerce to perform his work.

15.    At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendants.

### III.    Individual Liability – Defendant Mr. Ecker

16.    At all times material hereto, Mr. Ecker was the Owner/President of All Florida Flooring.

17.    At all times material, Mr. Ecker regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of All Florida Flooring.

18.    By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of All Florida Flooring, Mr. Ecker is an employer as defined by 29 U.S.C. § 201, et. seq.

### IV.    Misclassification

19.    Plaintiff was hired as an employee; however, Defendant later attempted to classify him as an independent contractor.

20.    Defendant controlled Plaintiff's work schedule, job assignments, pricing, and the manner and means by which Plaintiff performed his duties.

21.    Plaintiff and one co-worker performed the core installation work that was integral to Defendant's business. Plaintiff was a laborer. Plaintiff was economically dependent on Defendant.

22.    As a result, Defendant misclassified Plaintiff as an independent contractor, when, in fact, he was an employee.

4

## FACTS

23.    Defendant provides custom epoxy flooring, polished concrete flooring, and flooring removal services. To accomplish its business purpose, Defendant employs installers and laborers.

24.    Plaintiff worked as a demolition and epoxy floor installer from September 5, 2025 through March 19, 2026.

25.    Plaintiff's duties included: a. Collecting tools and materials needed for each job; b. Reporting to job sites with all required tools and materials; c. Performing demolition and installing epoxy flooring systems; d. Cleaning job sites and completing assigned tasks.

26.    Plaintiff was paid on a piece-rate basis.

27.    Plaintiff routinely worked between 50 and 75 hours per week, every week except one.

28.    Plaintiff reported to Defendants' shop at 7:30 AM each day, Monday through Friday, to load tools and supplies before heading to the first jobsite.

29.    Plaintiff returned to the shop after completing all work between 5 and 6 PM, but regularly later in the evening.

30.    Defendant did not track Plaintiff's hours worked.

31.    Although Plaintiff was required, permitted, or encouraged to work more than forty hours per week, Plaintiff was never paid overtime compensation for hours worked over forty (40) in a workweek.

32.    Defendant also deducted 2.5% from Plaintiff's pay for a "tool fund."

5

33.    As a result, Plaintiff did not receive his wages "free and clear" in workweeks in which he worked more than 40 hours

34.    Defendant paid Plaintiff on Wednesdays until Defendant intentionally withheld Plaintiff's final paycheck of approximately $3,265.00.

35.    Wages must be paid on the regular payday for the period in which the workweek ends. Defendant's failure to pay Plaintiff his final paycheck constitutes unpaid minimum wages.

36.    Defendant acted willfully or with reckless disregard for the FLSA.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

37.    Plaintiff realleges Paragraphs 1 through 36 as if fully stated herein.

38.    Plaintiff worked more than forty (40) hours in one or more workweeks during his employment.

39.    Defendant failed or refused to compensate Plaintiff overtime wages calculated at one-half the regular rate for all hours worked over forty (40) in a workweek, as required for piece-rate employees.

40.    Defendants also violated the FLSA by shifting its business expenses to Plaintiff, failing to reimburse for these expenses, and causing Plaintiff not to receive his wages "free and clear" in workweeks in which he worked more than 40 hours.

41.    Defendants knew its policy and practice for Plaintiff's compensation violated the FLSA overtime provisions. Defendants also acted willfully or with

reckless disregard of the FLSA because Defendants knew its practice violated the law and continued implementing the unlawful practice. Despite the actual knowledge, Defendants failed to pay Plaintiff overtime compensation as required by the FLSA.

42.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks unpaid overtime compensation plus liquidated damages in an equal amount, along with attorneys' fees and costs.

## COUNT II

### UNPAID MINIMUM WAGES (WITHHELD FINAL PAYCHECK)
### (29 U.S.C. § 206)

43.     Plaintiff realleges Paragraphs 1 through 36 as if fully stated herein.

44.     Defendant withheld Plaintiff's final paycheck of approximately $3,265.00.

45.     Defendant's failure to pay Plaintiff his earned wages constitutes unpaid minimum wages under the FLSA.

46.     Defendant's conduct was willful.

47.     Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, attorneys' fees, and costs.

WHEREFORE, Plaintiff, JOSHUA CUNNINGHAM, respectfully requests the following relief:

      a.     A declaration that Defendants have violated the minimum wage and overtime provisions of the FLSA,

      b.     Unpaid overtime compensation,

c.    Unpaid minimum wages, including the withheld final paycheck;

d.    Liquidated damages,

e.    Attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and

f.    Any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: August 5, 2026

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017